## MOORE *v.* HALLUM *et als.*

1. CHANCERY PRACTICE. *Injunction.* An injunction will not lie to protect a party in rightful possession, unless it be a clear case where an undoubted possession is being disturbed, but a mere possessory right will not entitle a party to come into a court of equity, for that purpose, where such possession is not to be directly disturbed.

2. SAME. *Same. Injunction bond.* And where a complainant has had an injunction issued under such circumstances, no judgment should be rendered against him on the injunction bond, for the debt, and it does not alter the case, if the bond, improperly, under the fiat of the Chancellor, is for double the amount of the debt.

---

FROM KNOX.

---

Appeal from the Chancery Court at Lebanon. H. H. LURTON, Ch.

E. I. GOLLADY for complainant.

JORDAN STOKES for defendant.

FREEMAN, J., delivered the opinion of the court.

Moore purchased, in 1863, a tract of land from Hallum, and took bond for title when the purchase money should be paid, it being to be paid by instalments. This bond was not registered. He went into possession, and alleges that he has held the land openly and adversely from the date of his purchase, under said bond, describing the land by metes and bounds, and for himself against all persons whatever.

Smart recovered a judgment or decree, in 1875, for about $1,400, against Hallum, the vendor of Moore, issued an execution on the same, and is proceeding to sell the land under the same. This bill is filed to enjoin said sale on the above facts.

The Chancellor held, that the complainant had only a possessory right at most, and had no right to come into court a of equity, because that possession was not to be disturbed directly by the threatened sale, and sustained the demurrer of respondent, dismissing the bill. He expressly declined to decide what were the rights of complainant, growing out of his possession— only holding that such possessory right did not give him a standing in a court of equity.

Without deciding the question which was left open by the Chancellor, we affirm his decree dismissing the bill. This court has gone very far in sustaining bills to remove clouds from titles, as in the case of *Merriman and Smith* v. *Polk*, 5 Heis., 718, where preventive justice was administered, to enjoin a creditor from proceeding with a sale on execution against the vendor. But that, nor any other case, goes to the length of sustaining the present bill. We do not say that there might not be a case, where an injunction to protect a party in a rightful possession would be entertained; but it ought to be a clear case, where an undoubted possession was being directly disturbed by the proceedings sought to be enjoined. This is not such a case. A sale under execution will only put the purchaser in condition to sue, to assert the title thus obtained—when the defense now set up by complainant, (if a good one)

Moore *v.* Hallum.

will be appropriately made in a court of law. We think the question is one that ought to be remitted to that tribunal, and therefore affirm the decree of the Chancellor. We think the Chancellor also properly held, that no judgment ought to be rendered against the complainant on injunction bond for the debt, it not being the collection of his own debt enjoined, nor one for which he was in any way liable. We have so held in a somewhat similar case. The fact that the bond, under the fiat of the Chancellor, was improperly required to be in double the amount of the debt, does not change the result.

If desired, the case can be remanded for an inquiry, as directed, as to damages, by reason of the wrongful suing out of the injunction, though probably this would be additional costs, with merely nominal result.

The bill will be dismissed at costs of complainant, without prejudice to his right to make the defense, sought to be set up, at law.